IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GREGORY DEON JONES                                      PETITIONER

VS.                                    CIVIL ACTION NO. 3:12cv366-DPJ-FKB

JESSIE J. STREETER                                       RESPONDENT

**REPORT AND RECOMMENDATION**

This is an action for federal habeas relief pursuant to 28 U.S.C. § 2254. Presently before the Court is the motion of Respondent pursuant to 28 U.S.C. § 2244(d) seeking dismissal of the petition as untimely. Petitioner has not responded to the motion. Having considered the motion, the undersigned recommends that the motion be granted and the petition dismissed with prejudice.

Gregory Deon Jones was tried and convicted in the Circuit Court of Rankin County, Mississippi, for the crime of armed robbery. By order dated August 14, 2006, he was sentenced as a violent habitual offender to life in the custody of the Mississippi Department of Corrections, the sentence to run consecutively to a previous life sentence for armed robbery. His conviction and sentence were affirmed by the Mississippi Court of Appeals. *Jones v. State*, 993 So. 2d 386 (Miss. Ct. App. 2008), *reh'g denied*, July 29, 2009, *cert. denied,* Oct. 9, 2008. Jones did not file a petition for a writ of certiorari with the United States Supreme Court. He filed his § 2254 petition with this Court on or after May 11, 2012.[1]

---

[1]Under the "mailbox rule," a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because Jones did not petition the United States Supreme Court for a writ of certiorari, his judgment became final when his ninety-day period for doing so expired, *i.e.*, on January 7, 2009. *See Flanagan v. Johnson*, 154 F. 3d 196, 197 (5th Cir. 1998). Petitioner had one year from that date, or until January 7, 2010, in which to file for

---

federal district court. *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999). Thus, Jones' petition was "filed" sometime between the date it was signed, May 11, 2012, and the date it was received and filed by the district court, May 29, 2012.

2

federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief (PCR) was pending in the state court. No PCR motion was filed by Jones prior to or on January 7, 2010. Furthermore, Jones has made no showing of any "rare or exceptional" circumstance such as to warrant equitable tolling of the limitations period. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Therefore, his one-year period expired on January, 7, 2010, and his petition is untimely.

For these reasons, the undersigned recommends that the motion to dismiss be granted and the petition dismissed with prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 7th day of November, 2012.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE