IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GREGORY DEON JONES                                                        PLAINTIFF

v.                                                                     CIVIL ACTION NO. 3:12cv366-DPJ-FKB

JESSIE J. STREETER                                                         DEFENDANT

ORDER

This habeas petition filed under 28 U.S.C. § 2244 is before the Court on the recommendation of dismissal by United States Magistrate Judge F. Keith Ball after referral of hearing. In his November 7, 2012, Report and Recommendation, Judge Ball concluded that Petitioner Gregory Deon Jones's petition for writ of habeas corpus was untimely pursuant to 28 U.S.C. § 2244(d). The Court previously adopted that recommendation as unopposed, but granted Jones's motion to reopen the case so he could object. Having fully considered Jones's objections, the Court concludes that the Report and Recommendation should be adopted as the opinion of the Court.

Section 2244(d) of the Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year deadline to file a petition for writ of habeas corpus. Jones's state-court judgment became final on January 7, 2009, yet he filed his § 2254 petition no earlier than May 11, 2012. Although the Petition appears to be untimely, Jones offers three arguments for avoiding the AEDPA limitations period: (1) the Petition is "mixed" presenting both exhausted and unexhausted claims and should therefore be dismissed without prejudice; (2) the judgment became final November 21, 2013, making the May 2012 Petition timely; and (3) the statute tolls while a properly filed application for post-conviction relief (PCR) is pending. The Court will address each contention.

I.    Mixed Petition

According to Jones, the instant petition raises both exhausted and unexhausted claims. He therefore relies on *Rose v. Lundy* to argue that the Court must dismiss the Petition without prejudice to grant time to exhaust. 455 U.S. 509 (1982). The argument is not persuasive.

To begin with, Jones never explains which claims remain unexhausted. In his present Petition, Jones raises five claims, three related to ineffective assistance of counsel, two related to perceived trial errors by the court, and one related to the lack of an affidavit from the victim. *See* Pet. [1]. But on March 9, 2012, Jones filed an Application to File Successive Motion for Post Conviction Relief in which he raised these same claims. Miss. Supreme Ct. Order [1-1] at 4. On April 25, 2012, the Mississippi Supreme Court denied the application noting that the petition was successive and untimely, and raised claims that had been waived. *Id*. at 1. Jones has not shown that his petition is truly mixed. *See Evans v. Cain*, 577 F.3d 620, 623 (5th Cir. 2009) (noting that the petition was not mixed because claims were exhausted).[1]

Assuming there is an unexhausted claim the Court overlooked, *Rose* no longer provides the appropriate standard because it was decided before the AEDPA. The salient test is now found in *Rhines v. Weber*, a case examining whether district courts should stay mixed-petition proceedings pending exhaustion. 544 U.S. 269 (2005). The Court concluded that such stays are within the district court's discretion, but that "stay and abeyance should be available only in

---

[1]If, as it appears, these claims were raised in state-court, then they would fail on the merits even if the Petition had been timely filed. A federal court "may not review a habeas claim if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision." *See Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012) (citation and quotation omitted).

limited circumstances." 544 U.S. at 277. Those circumstances exist if: (1) the petitioner had good cause for his failure to exhaust; (2) his claim is not plainly meritless; and (3) he has not engaged in an intentional delay. *Thompson v. Quarterman*, 292 F. App'x 277, 295 (5th Cir. 2008) (citing *Rhines*, 544 U.S. at 277–78).

Jones fails to meet this test. First, he has not addressed good cause. *See Thompson*, 292 F. App'x at 295 (affirming denial of stay and noting that petitioner did not explain failure to exhaust). Second, he has not shown that his unexhausted claims—assuming there are any—would have merit. Indeed, the Mississippi Supreme Court denied his last attempt to seek post-conviction relief because his new claims were untimely and otherwise waived. *See* Order [1-1] at 1 (citing Miss. Code Ann. § 99-39-5(2) and 99-39-21(1)). That order dampens any hope that the state would entertain Jones's claims. *See Haynes v. Quarterman*, 526 F.3d 189, 196 (5th Cir. 2008) (affirming denial of stay and noting that state would not entertain waived claims). Thus, a stay would merely achieve unnecessary delay. *See Evans*, 577 F.3d at 623 (affirming denial of stay and noting unnecessary delay). So even if a mixed-petition existed, there is no basis for staying these proceedings.

II. Date of Final Judgment

Jones claims—without explanation—that his judgment became final on November 21, 2013. If so, then it became final after he filed this Petition. Regardless, the record indicates that the Mississippi Supreme Court denied certiorari on October 9, 2008, and that Jones failed to seek certiorari before the United States Supreme Court. The judgment therefore became final January 7, 2009, when the time to seek certiorari expired.

3

III. Statutory Tolling

Jones correctly points out that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." Objections [16] at 3 (citing 28 U.S.C. § 2244(d)(2)). Before tolling may occur, however, the petitioner must show that the state PCR was "properly filed." *See Grillete v. Warden*, 372 F.3d 765, 769 (5th Cir. 2004); *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

The record reflects that Jones filed two PCRs in state court. The first was filed on April 16, 2010, more than a year after Jones's judgment became final on January 7, 2009. Mot. to Dismiss [8] at 4 n.3. As such, the PCR was not properly filed, and even if it was, the AEDPA limitations period had already expired. Likewise, Jones's second PCR, filed on March 12, 2012, was filed long after the AEDPA limitations period had run. Finally, the combined time that these two PCRs were pending in state court would not be sufficient to make this Petition timely. Jones has not demonstrated a basis for statutory tolling.

IV. Equitable Tolling

When asked to explain why he did not raise his claims before, Jones stated as to each "newly discovered under actual innocence." *See, e.g.*, Pet. [1] at 8. His objections do not expressly explore that issue, but in the interest of being thorough, the Court would reject any such argument in this case.

The one-year limitations period found in "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). An "appropriate case" is

4

one involving "exceptional circumstances." *Id*. But a mere "claim" of actual innocence does not constitute a "rare and exceptional" circumstance. *Id*. And even when it exists, actual innocence is not a stand-alone basis for relief; it can serve as a "gateway to defaulted claims" if it is established that, "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). In the present case, Jones offers nothing more than a claim of actual innocence, and he fails to identify the new evidence or explain how it satisfies these tests. Moreover, it appears that most of the claims he now presents would have been known at the time they occurred, such as the propriety of the *Allen* charge. So to the extent Jones implicates actual innocence, he has not met the test.

V.   Conclusion

As such, IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court consistent with this Order. This action is dismissed with prejudice.

A separate judgment will be entered herein in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 19th day of June, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE